IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH L.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 18 C 3395 |
| v. | ) |
| | ) Magistrate Judge |
| ANDREW SAUL, Commissioner of Social Security,[2] | ) Maria Valdez |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Elizabeth L.'s claim for Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 10] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Andrew Saul has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. PROCEDURAL HISTORY

On February 25, 2013, Plaintiff filed a claim for SSI, alleging disability since April 7, 2012. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on January 25, 2016. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A vocational expert also testified.

On February 11, 2016, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her application date of February 25, 2013. At step two, the ALJ concluded that Plaintiff had the following severe impairments: arthritis in both knees, obesity, and bipolar disorder with agoraphobia. The ALJ concluded at step three that her impairments, alone or in combination, do not meet or medically equal a listed impairment. Before step four, the ALJ determined that

Plaintiff retained the Residual Functional Capacity ("RFC") to perform light work with the following additional limitations: only occasional stooping, crouching, and use of ramps or stairs; no kneeling, crawling, or work involving ladders, ropes, or scaffolds; no balancing on wet or uneven surfaces; only occasional exposure to hazards and vibrations; and limited to simple, routine, repetitive tasks, with occasional contact with supervisors, co-workers, and the public.

At step four, the ALJ noted that Plaintiff had no past relevant work. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former

3

occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.   JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'more than a mere scintilla.' . . . It means – and

4

means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a Plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately

5

articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ made several errors, including failing to accommodate all of Plaintiff's limitations in the RFC assessment. Among other things, Plaintiff argues that the ALJ's RFC does not incorporate all of her mental limitations, particularly those affecting social functioning and concentration, persistence, and pace.

The ALJ noted the numerous occasions in the record where Plaintiff was found to be depressed, quick to anger, sad, irritable, anxious, and exhibiting other psychological symptoms including occasional suicidal ideation, crying spells, difficulty sleeping, throwing things at people in anger, and hitting her son and husband. In forming Plaintiff's RFC, the ALJ found that she was moderately limited in her ability to work in coordination with others; to complete a normal workday and workweek without interruptions from psychologically based symptoms; to perform at a consistent pace; to accept instructions and respond

6

appropriately to criticism; and to get along with co-workers and peers without exhibiting behavioral extremes. The ALJ concluded that all of these restrictions would be accommodated by limiting her to "simple routine repetitive tasks" and "occasional contact with supervisors, coworkers, and the public." (R. 21.) The Commissioner contends that these restrictions account for all of Plaintiff's non-exertional limitations. The Court disagrees, because "[t]he ALJ neither cited evidence that [Plaintiff] could meet [concentration and task-based] benchmarks nor addressed the evidence that she could not." *Lothridge v. Saul*, -- F.3d --, 2021 WL 37503, at *1, 6 (7th Cir. Jan. 5, 2021) (finding reversible error where the ALJ failed to determine whether the claimant could meet requirements of attendance and staying on task given the noted deficits in concentration, persistence, and pace).

"The law does not require ALJs to use certain words, or to refrain from using others, to describe the pace at which a claimant is able to work." *Martin v. Saul*, 950 F.3d 369, 374 (7th Cir. 2020). However, "[w]hat we do require – and our recent precedent makes plain – is that the ALJ must account for the 'totality of a claimant's limitations' in determining the proper RFC." *Id.* The ALJ did not adequately support her RFC finding with respect to the totality of Plaintiff's non-functional limitations and their effect on, for example, her concentration, pace, and ability to work well with others. *See Lothridge*, 2021 WL 37503, at *5 (criticizing the ALJ for limiting the claimant "to 'simple instructions and tasks with restricted interactions with others' without addressing her ability to stay on task for a full workday or to perform at the required speed").

When forming the RFC, the ALJ discounted Plaintiff's alleged limitations, citing Plaintiff's ability to babysit a four-year-old, which included playing with the child, reading stories, and watching TV, and stating that "[a]ll these activities would appear to be impossible if she was as limited as she has stated." (R. 22.) The ALJ also found it "impossible" for Plaintiff to have severe pain and mental limitations and yet make breakfast for her son and lay out his clothes; care for and feed her cats; and cook meals three times a day. (*Id.*)

By focusing on these activities, the ALJ "cherry-picked and overstated the evidence that she cited to support her residual functional capacity finding . . . Yet the ALJ overlooked, or at least did not acknowledge and engage with, the limitations with those tasks . . . ." *Lothridge*, 2021 WL 37503, at *6. The ALJ should have, but did not, discuss evidence supporting disability, including Plaintiff's dependence on family members to assist her with activities of daily living, including the care of the children in her home. Similarly, the ALJ did not consider that Plaintiff had difficulty getting along with others, and intrapersonal conflicts were only minimized by her choice to self-isolate.

The ALJ also found that Plaintiff's allegedly poor concentration and memory was contradicted by her statements that she watched television and played computer games, and that "she was okay with the games." (R. 22.) But the ALJ did not describe the nature of the computer games and whether they were the type that required any concentration at all, let alone the type of day-long concentration required by an employer. *See Lothridge*, 2021 WL 37503, at *5 ("Whether [claimant]

8

is congenial or able to add sums in a short-term encounter or examination has little or no apparent bearing on whether she can maintain pace or stay on task for an entire workday."); *Martin*, 950 F.3d at 374 ("[S]omeone with problems concentrating may not be able to complete a task consistently over the course of a workday, no matter how simple it may be.").

The ALJ also gave little weight to the opinion of Plaintiff's treating psychologist Dr. Givens, who opined that she had marked limitations in most functional areas and was extremely limited in her ability to perform even simple work. The ALJ disregarded that opinion in part because of its alleged inconsistency with the treatment notes made by a licensed clinical social worker, which "show that the claimant mainly had family problems that caused her some level of anxiety." (R. 23.) This statement by the ALJ suggests that the source of Plaintiff's anxiety was relevant to its effect on Plaintiff's ability to work, but its significance is left unexplained.

The Court does not hold that the ALJ's judgment about the issues of concentration and ability to work with others was incorrect, but "but we cannot uphold an administration determination that failed to explain the outcome adequately." *Lothridge*, 2021 WL 37503, at *5. Because the decision was not supported by substantial evidence, it must be remanded for further proceedings. The Court will not explore in detail the remaining errors claimed by Plaintiff but emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found.

9

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 10] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**  **ENTERED:**

*Maria Valdez* (signature)

**DATE: January 27, 2021**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**